WILLIAM H. BROWN, Respondent, *v.* JAMES GRAVES, Appellant.

The Appellate Court will not review the facts of a case, unless a new trial was asked in the Court below.

APPEAL from the Superior Court of San Francisco.

The respondent filed his complaint against the appellant and Charles Brown, stating, 1st, that on the 25th of February, 1851, C. Brown executed his note for $200, payable thirty days after date, to Graves, or order, and that it was verbally agreed, that if said note was not paid at maturity, it should bear interest at 10 per cent. per month, till paid; that Graves indorsed the note to the plaintiff; that on the day it become due, the note was presented to C. Brown, and payment demanded of him, which he refused; whereof Graves then received notice. 2nd. That on the 5th of January, 1851, C. Brown made another note of that date, and delivered it to Graves, whereby he promised to pay "Graves, or order, by the name of W. H. Brown, ten days after the date thereof, $250, at the rate of ten per cent. per month, (meaning with interest at the rate of ten per cent. per month;)" which note Graves afterwards indorsed to the plaintiff; and on the day it became due, it was presented to C. Brown, and payment demanded of him, which he refused; whereof Graves then had notice. That the defendants, though often requested, had failed and refused to pay the plaintiff the "said several sums of money above demanded, and the interest thereon;" and therefore praying judgment against the defendants for the same, with interest and costs, &c. Graves answered, denying the complaint. C. Brown let judgment go by default. The issues with Graves. were tried by the Court, without a jury.

C. Brown was sworn for the plaintiff, and testified that he made the notes, and Graves indorsed them; and that they were

presented for payment at maturity, and not paid : but he thought the presentment was on the days the notes fell due, without allowing any days of grace.   One Stumps testified, that some days after the maturity of the notes, he presented them on behalf of plaintiff to Graves, who said they should be paid, and that no one should lose by paper with his name on it; that nothing was then said about the want of notice; but about three weeks afterwards, when the witness again applied to him for payment, Graves said he was not bound, because he had not had notice; and that if C. Brown had been sued in time, the money could have been made of him.

The Court found for the plaintiff, for the amount of the notes and interest, according to the terms of the notes; and judgment was rendered accordingly.

Graves appealed.

*Brown, Hanna* and *Tracy,* for the appellant.   1st. The presentation and demand of the maker were null, being before the expiration of the days of grace.   Story's Prom. Notes, secs. 198. 301; 3 Kent, 103–4; Bank of Utica *v.* Wager, 2 Cow. 766.   2nd. There was no notice to the indorser, till payment was demanded of him.   Notice must be given the day after dishonour.   Story's Prom. Notes, sec. 320.   3d. A subsequent promise by an indorser, is no waiver of demand and notice, unless made with full knowledge of the circumstances.   Story's Prom. Notes, secs. 274–5. 280. 361; 3 Kent, 113; Trimble *v.* Thorne, 16 Johns. 151; Jones *v.* Savage, 6 Wend. 660; Reynolds *v.* Douglass, 12 Pet. 497.   4th. Proof of a subsequent promise by the indorser, does not sustain the covenants of demand and notice.

*P. W. Tompkins,* for the respondent.   1st. There being no bill of exceptions, and no motion for a new trial in the Court below, this Court will not review the finding of a jury, or of the Court sitting as a jury.   Hoppe *v.* Robb, in this Court.   2nd. The subsequent promise of Graves, was an admission of demand and notice.   Chit. Bills, 533.

Justice HEYDENFELDT delivered the opinion of the Court.   We have before decided, that we can only revise a case upon its facts,

where the appeal is from the refusal of a new trial, asked for in the Court below, on the distinct ground, that the finding was contrary to evidence. And this power to review the facts, is derived expressly from the statute, which gives an appeal from a decision granting or refusing a new trial.

The judgment must therefore be affirmed.

The appellant petitioned for a rehearing; and cited the New Pract. Act, sec. 191.

A rehearing was granted at the ensuing term.